IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **MONTRICIA COTHRAN,** | ) |
| Plaintiff, | ) |
| v. | ) No. 2:22-cv-2307-JTF-atc |
| **EXPERIAN, LLC, ET AL,** | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

On May 16, 2022, Plaintiff Montricia Cothran filed a *pro se* civil complaint, along with a short form application to proceed *in forma pauperis*.[1] (ECF Nos. 1 & 2.) On May 19, 2022, this Court entered its Order Directing Plaintiff to File a Properly Completed *In Forma Pauperis* Application or Pay the Civil Filing Fee. (ECF No. 6.) Court records indicate that the Order and a blank copy of the correct long-form application were mailed by the Clerk's Office to Plaintiff on May 20, 2022.

In the Order, the Court noted that 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing a proper *in forma pauperis* application. Under § 1915(a), the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking *in forma pauperis* status must respond fully to the questions on the Court's *in forma pauperis* form and execute the application in compliance with the certification requirements contained in 28 U.S.C. § 1746. *See, e.g.*, *Reynolds v. Fed. Bureau*

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

*of Prisons*, 30 F. App'x 574 (6th Cir. 2002); *Broque v. Fort Knox Fed. Credit Union*, 114 F.3d 1186 (6th Cir. 1997).

Because Plaintiff submitted the short-form *in forma pauperis* application for prisoners (ECF No. 2), instead of the long-form application for indigent non-prisoners, the Court had insufficient financial information to determine if Plaintiff is unable to pay the civil filing fee. As a result, Plaintiff was ordered "to either submit a properly completed non-prisoner application to proceed *in forma pauperis* or pay the $402 civil filing fee within thirty (30) days of the date of this Order."[2] (ECF No. 6, at 2.) Plaintiff was warned that "[f]ailure to comply with this Order in a timely manner will result in the dismissal of this action without further notice, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute." (*Id.*).

When a plaintiff fails to satisfy the Court's *in forma pauperis* application procedures or pay the civil filing fee, "[t]he Court has the authority to dismiss an action for a plaintiff's failure to prosecute or to obey a Court order under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action sua sponte." *James v. Brennan*, No. 1:19-cv-853-HSO-jcg, 2020 WL 3803912, at *1 (S.D. Miss. Jul. 7, 2020) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962)); *see also Werlins v. DNI, DOD*, No. 17-cv-2467-SHM-cgc, 2017 WL 4697073, at *1 (W.D. Tenn. Oct. 19, 2017) (dismissing the case without prejudice pursuant to Rule 41(b) when the plaintiff failed to timely submit a proper *in forma pauperis* application or pay the civil filing fee).

---

[2] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed, effective May 1, 2013, an additional administrative fee of $52 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. As a result, the total filing fee for civil cases is $402.

In this case, Plaintiff's deadline to either return the correct long-form application or pay the $402 civil filing fee was June 20, 2022. To date, Plaintiff has failed to do either, and over one month has passed since her deadline expired. It is therefore recommended that the case be dismissed without prejudice pursuant to Rule 41(b).

## **RECOMMENDATION**

For the foregoing reasons, this Court recommends that this case be dismissed without prejudice pursuant to the May 19, 2022 Order and pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Respectfully submitted this 21st day of July, 2022.

                                                      s/Annie T. Christoff  
                                                    ANNIE T. CHRISTOFF  
                                                    UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.