IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **MONTRICIA COTHRAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | |
| **V.** ) | Case No:  2:22-cv-2307-JTF-atc |
| ) | |
| **EXPERIAN, LLC, EQUIFAX, LLC,** ) | |
| **and TRANSUNION, LLC,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING CASE**

Before the Court is Plaintiff Montricia Cothran's *pro se* complaint against Defendants Experian, LLC, Equifax, LLC, and Transunion, LLC, for damages allegedly caused by certain entries on her credit reports.  (ECF No. 1.)  The matter was assigned to a United States Magistrate Judge for screening and management pursuant to 28 U.S.C. § 1915(e)(2)(B) and Local Rule 4.1(b)(2).  On May 19, 2022, the Magistrate Judge entered an order directing Plaintiff to file the correct *in forma pauperis* ("IFP") application or pay the $402 filing fee within thirty (30) days.  (ECF No.  6.) [1] The order indicated that Plaintiff had inadvertently submitted the short form *in forma pauperis* application for prisoners which does not provide the Court with sufficient financial information to determine if Plaintiff was unable to pay the civil filing fee.  (*Id*. at 2.)   The deadline for Plaintiff to either return the correct long IFP form or pay the $402 civil filing fee was June 20,

---

[1]  A copy of the applicable IFP form and the order directing Plaintiff to complete and return were mailed to Plaintiff on May 20, 2022 by the Clerk's office.

1

2022. (ECF No. 6.) On July 21, 2022, the Magistrate Judge entered a report and recommendation that the case be dismissed for Plaintiff's failure to timely comply with the order to pay the requisite filing fee or submit the appropriate IFP form. (ECF No. 7.)

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate judge's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2). However, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See* Fed. R. Civ. P. 72(b)(2) (advisory committee notes). The district court is not required to review and "should adopt[,] the findings and rulings of the Magistrate Judge to which no specific objection is filed." *Brown v. Bd. of Educ. of Shelby Cty. Sch.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

In this case, Plaintiff was advised that dismissal of this action would follow, without further notice, if she failed to comply with the Magistrate Judge's Order to submit the correct IFP form or pay the requisite filing fee.[2] (ECF No. 7, 2.) The Sixth Circuit held that dismissal for failure to

---

[2] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States."

2

prosecute is warranted where the Court affords a plaintiff a reasonable period of time to comply with orders before the dismissal occurs. *Harris v. Callwood*, 844 F.2d 1254 (6th Cir. 1988); *Sepia Enterprises, Inc. v. City of Toledo,* 462 F. 2d 1315 (6th Cir. 1972) (*per curiam*).

Upon a review, the Court concludes that Plaintiff has been afforded more than a reasonable period of time to comply with the Magistrate Judge's order; but has simply chosen not to comply. Plaintiff was advised that objections to the report and recommendation were due within fourteen (14) days or by August 4, 2022.  As noted above, Plaintiff has failed to pay the filing fee or submit the appropriate IFP form. She has also failed to raise any objections to the report and recommendation to dismiss her case and the time to do so has passed.

Therefore, the Court adopts the Magistrate Judge's report and recommendation, ECF No. 7, and dismisses this case without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED** this 9th day of August 2022.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE

---

Effective May 1, 2013, an additional administrative fee of $52 for filing any civil case, except for cases seeking habeas cor pus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. As a result, the total filing fee for civil cases is $402. As noted, the Magistrate Judge directed Plaintiff to either return the correct long IFP form or pay the $402 civil filing fee by June 20, 2022.